### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF MISSOURI
### EASTERN DIVISION

| | |
|---|---|
| TAMIA BANKS, on behalf of herself and all others similarly situated, | |
| Plaintiff, | No. 4:18-CV-00624-JAR |
| v. | |
| COTTER CORPORATION, *ET AL.*, | |
| Defendants. | |

**PLAINTIFF'S MOTION AND INCORPORATED MEMORANDUM IN SUPPORT TO STAY DEFENDANTS' MOTIONS TO DISMISS PENDING RESOLUTION OF PLAINTIFF'S MOTION FOR REMAND**

COMES NOW Plaintiff and respectfully moves this Court for an order staying proceedings (including deadlines for filing a response) on Defendants' Motions to Dismiss pending resolution of the jurisdictional issues presented by Plaintiff's Motion for Remand.

1.  Plaintiff requests this stay for three primary reasons: a) jurisdictional concerns are threshold issues that should be resolved before consideration of the merits of Plaintiff's claims; b) judicial economy and conservation of party resources; and c) granting a stay will not prejudice Defendants.

2.  On April 18, 2018, Defendants removed this case to this Court from the St. Louis County Circuit Court.

3.  On May 25, 2018, Defendants filed motions to dismiss Plaintiff's Amended Petition arguing that Plaintiff failed to plead a cause of action under the Price Anderson Act and therefore all of Plaintiff's state law claims must be dismissed.

4.  On May 29, 2018, Plaintiff filed a Motion for Remand this case back to St. Louis County Circuit Court.

## MEMORANDUM IN SUPPORT

Plaintiff's Motion for Remand is a threshold procedural and jurisdictional motion that should be decided before any decision is rendered on the merits of Plaintiff's case.  This Court is authorized to stay proceedings as appropriate.  "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936); *Stone v. Immigration and Naturalization Service*, 514 U.S. 386, 411 (1995) ("[W]e have long recognized that courts have inherent power to stay proceedings.").

Before this Court can proceed to address the Parties' claims and defenses on the merits of this litigation, it should consider whether it even has subject matter jurisdiction over those claims. Plaintiff firmly believe this case belongs in state court, which is why Plaintiff filed the case there, and which is why Plaintiff filed a timely and well-reasoned Motion for Remand.  There are sufficient grounds for this Court to stay proceedings on Defendants' motions to dismiss until this Court rules on subject matter jurisdiction.  Indeed, subject matter jurisdiction is a "threshold matter" that courts must resolve before proceeding to the merits. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998). "The requirement that jurisdiction be established as a threshold matter . . . is 'inflexible and without exception.'" *Ruhrgas Ag v. Marathon Oil Co.*, 526 U.S. 574, 577 (1999) (quoting *Steel Co.*, 523 U.S. at 94-95); *see also Grupo Dataflux v. Atlas Global Group, L.P.*, 541 U.S. 567, 593 (2004) ("We have . . . urged counsel and district courts to treat subject matter jurisdiction as a threshold issue for resolution . . . .").

Moreover, if Plaintiff's Motion for Remand is granted, then Defendants' Motions to Dismiss become moot because Plaintiff does not need to allege a cause of action under the Price-Anderson Act.  *See e.g., Warner v. Chase Home Fin*. LLC, 530 F. App'x 614, 615 (8th Cir. 2013)

2

("In every federal case the court must be satisfied that it has jurisdiction before it turns to the merits of other legal arguments"), *citing Carlson v. Arrowhead Concrete Works, Inc.,* 445 F.3d 1046, 1050 (8th Cir.2006)); *see also Stilp v. HSBC Bank USA, N.A.,* No. 12–3098, 2013 WL 1175025, at *2 (D.Minn. Mar. 20, 2013) ("Since it challenges the jurisdiction of this Court, Plaintiffs' Motion to Remand will  be  addressed  first.")  "Because  the  dismissal  of a motion to remand as moot has the same effect—that is, accepting jurisdiction in the federal court and addressing the merits of the claims, we will apply the same standard here." *Warner*, 530 F. App'x at 615.

Imposing a temporary stay conserves judicial and party resources and poses no burden to Defendants. When a court grants a stay, it must "weigh competing interests and maintain an even balance." *Landis*, 299 U.S. at 255.  Granting the stay will conserve the resources of the Court and the parties by requiring the parties to brief the motions to dismiss only if this Court determines that it has subject matter jurisdiction to hear this case.  Moreover, granting the requested stay would impose no hardship on the Defendants. The stay would be temporary and end with the Court's ruling on Plaintiff's Motion for Remand.  In addition, the stay would not unduly postpone Defendants' request for relief as the Defendants bear the burden of establishing this Court's subject matter jurisdiction prior to obtaining any order on the merits of Plaintiff's claims.

WHEREFORE, Plaintiff respectfully request that this Court enter an order staying proceedings in this case (including deadlines for filing a response) on Defendants' Motions to Dismiss pending resolution of the subject matter jurisdiction issues presented by Plaintiff's Motion for Remand.

3

Dated: June 7, 2018

Respectfully submitted,

KEANE LAW LLC

By:     /s/ *Ryan Keane*

Ryan A. Keane, # 62112
Alex Braitberg, # 67045
7777 Bonhomme Ave, Ste 1600
St. Louis, MO 63105
Phone: (314) 391-4700
Fax: (314) 244-3778
ryan@keanelawllc.com
alex@keanelawllc.com

JOHNSON GRAY, LLC
Anthony D. Gray, # 51534
319 North 4th Street, Suite 212
St. Louis, MO 63102
Phone: (314) 385- 9500
agray@johnsongraylaw.com

COOPER LAW FIRM, L.L.C
Barry J. Cooper, Jr., TX Bar # 24057527 *pro hac vice* forthcoming
Celeste Brustowicz, LA Bar # 16835 *pro hac vice*
Victor Cobb, LA Bar # 36830 *pro hac vice* forthcoming
1525 Religious St.
New Orleans, LA 70130
Phone: (504) 566-1558
Fax: 504-309-6989
bcooper@sch-llc.com
cbrustowicz@sch-llc.com

and

4

RON AUSTIN & ASSOCIATES, L.L.C.
Ron A. Austin, LA Bar # 23630 *pro hac vice* forthcoming
Catherine Hilton, LA Bar # 27238 *pro hac vice* forthcoming
Lillian Williams, LA Bar # 37358 *pro hac vice* forthcoming
920 4th Street
Gretna, Louisiana 70053
Phone: (504) 227-8100
Fax: (504) 227-8122
raustin@ronaustinandassociates.com
chilton@ronaustinandassociates.com

*Attorneys for Plaintiff and Proposed Class*


## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that on June 7, 2018, a true and accurate copy of the foregoing was served by filing it in the court's electronic filing system, which will provide electronic notice to all parties and attorneys of record.


/s/  *Ryan Keane*