UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| TAMIA BANKS, on behalf of herself and all others similarly situated, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) No. 4:18-CV-00624 JAR ) |
| COTTER CORPORATION, et al., | ) ) |
| Defendants. | ) ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's Motion to Stay Defendants' Motions to Dismiss Pending Resolution of Plaintiff's Motion for Remand. (Doc. No. 47) Defendants do not oppose a reasonable stay of the briefing its motions to dismiss, but assert that the timing of Plaintiff's motion has caused them to incur additional and potentially unnecessary costs. (Doc. No. 50)

On April 2, 2018, Plaintiff filed her amended class action petition in the Circuit Court of St. Louis County. (Doc. No. 6) Plaintiff alleges that, as a result of the Defendants' collective conduct over several decades, radioactive materials were released into the environment in and around Coldwater Creek, a tributary of the Missouri River that runs throughout North St. Louis County, resulting in the radioactive contamination of Plaintiff's and class members' property and leading to various forms of property damage. Plaintiff asserts state-law claims against the Defendants for: (1) trespass; (2) permanent nuisance; (3) temporary nuisance; (4) negligence; (5) negligence per se; (6) strict liability/absolute liability; (7) injunctive relief seeking medical monitoring; (8) punitive damages; and (9) civil conspiracy; and against the Airport Authority

only for (10) inverse condemnation; (11) violation of the Missouri State Constitution's due process guarantee; and (12) violation of the Missouri State Constitution's takings and just compensation clause.

On April 18, 2018, Defendants removed this action to this Court based on federal question jurisdiction, and in particular, the Price-Anderson Act ("PAA"), 42 U.S.C. § 2011 *et seq.*, which pre-empts Plaintiff's state-law causes of action. (Doc. No. 1) On May 25, 2018, Defendants moved to dismiss Plaintiff's claims. (Doc. Nos. 27, 29, 36, 37) Plaintiff filed her motion to remand on May 29, 2018, asserting that she has pled only state law causes of action and that her original and amended petitions raise no claims that arise under federal law. (Doc. No. 38)

The decision to grant or deny a stay is within the discretion of a district court. Webb v. R. Rowland & Co., Inc., 800 F.2d 803, 808 (8th Cir. 1986) (citations omitted). "The district court . . . has inherent power to grant a stay in order to control its docket, conserve judicial resources, and provide for a just determination of the cases pending before it." Id. (citing Contracting NW, Inc. v. City of Fredericksburg, 713 F.2d 382, 387 (8th Cir. 1983)) (additional citation omitted). Whether the Court has subject-matter jurisdiction should be addressed before the Court decides the merits of Plaintiff's petition. See Dones v. Sensient Colors, LLC, No. 4:12CV00216 AGF, 2012 WL 1802438, at *3 (E.D. Mo. May 17, 2012) (deciding the court lacked jurisdiction on a motion to remand, which precluded ruling on a motion to dismiss). The Court acknowledges Defendants' concerns; however, upon consideration and for good cause shown, the motion to stay will be granted.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Stay Defendants' Motions to Dismiss Pending Resolution of Plaintiff's Motion for Remand [47] is **GRANTED**. The proceedings in this case are **STAYED** for sixty (60) days.

Dated this 14th day of June, 2018.

                                                    **JOHN A. ROSS**
                                                    **UNITED STATES DISTRICT JUDGE**